**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| EUGENE C. LUCENTE,           : |  |  |
|                              : |  |  |
|          Petitioner,         : | Civil No. 05-5186 (JBS) |  |
|                              : |  |  |
|     v.                       : |  |  |
|                              : |  |  |
| STATE OF NEW JERSEY,         : | **O P I N I O N** |  |
|                              : |  |  |
|          Respondent.         : |  |  |

**APPEARANCES**:

    EUGENE C. LUCENTE, pro se
    #297342/988196A
    Mid-State Correctional Facility,
    Wrightstown, NJ  08562

**JEROME B. SIMANDLE, District Judge**

Petitioner Eugene C. Lucente (hereinafter "Petitioner"), being currently confined at the Mid-State Correctional Facility, Wrightstown, New Jersey, filed this action with this Court and submitted due filing fee.

On March 6, 2006, this Court issued an order (hereinafter "March Order") (1) directing the Clerk of the Court to supply Petitioner with a blank Application form for a Writ of Habeas Corpus under 28 U.S.C. 2254 and (2) directing Petitioner to file with the Clerk a completed all-inclusive 2254 Application.

On March 20, 2006, the Clerk received Petitioner's petition for a Writ of Habeas Corpus under 28 U.S.C. 2254 (hereinafter "Petition") providing the following information:

1.  Petitioner was convicted and sentenced by the Superior Court of New Jersey on December 18, 1997.  See Pet. §§ 1, 2.

2.  On January 28, 1999, the Superior Court of New Jersey, Appellate Division, affirmed the conviction and sentence.  See id. § 9(a-d).

3.  On May 4, 1999, the Supreme Court of New Jersey denied Petitioner's petition for certification.  See id. § 9(g).

4.  On November 28, 2002, Petitioner made an application for post-conviction relief to the Superior Court of New Jersey. See id. § 11(a).[1]

---

[1] Petitioner's Petition indicates that this application for post-conviction relief (hereinafter "Application") was filed on November 28, 2003.  The Court, however, is uncertain about the *year* of the Application in view of the fact that Petitioner's Petition states that (1) following the Application, Petitioner had a hearing on February 14, 2003, that is, more than nine months *prior* to the alleged date of the Application, (2) following the hearing, Petitioner filed with the Superior Court of New Jersey his "Motion to Recuse" on March 10, 2003, that is, about eight months *prior* to the alleged date of the Application, and (3) on July 1, 2003, that is, about four months *prior* to the alleged date of the Application, Petitioner appealed the denial of his "Motion to Recuse" to the Superior Court of New Jersey, Appellate Division.
    Since it appears unlikely that Petitioner could either have a hearing or file and appeal his "Motion to Recuse" with respect to his Application *prior* to actually filing the Application, this Court (1) inclines to presume that Petitioner misstated the year of filing of his application for post-conviction relief and intended

**DISCUSSION**

**A.   Statute of Limitations Requirement**

Prior to examining Petitioner's application on merits, this Court shall determine whether Petitioner's application to this Court for a writ of habeas corpus is time-barred.  See Long v. Wilson, 393 F.3d 390, 402-03 (3d Cir. 2004) (stating that a court may examine an application for a writ of habeas corpus sua sponte and citing Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002); Herbst v. Cook, 260 F.3d 1039, 1042 & n.3 (9th Cir. 2001); Acosta v. Artuz, 221 F.3d 117, 123 (2d Cir. 2000); Kiser v. Johnson, 163 F.3d 326, 328-29 (5th Cir. 1999)).

On April 24, 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), which provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."  28 U.S.C. § 2244(d)(1).  For the purposes of Petitioner's Application, the limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1).  A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) by the conclusion of

---

to write November 28, 2002, and (2) will read the date of November 28, 2002, as the date of Petitioner's application for post-conviction relief for the purposes of this Order only.

direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court.  See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); U.S. Sup. Ct. R. 13.

Applying the aforesaid limitations regime to Petitioner's case, this Court concludes that Petitioner's statute of limitations began to run ninety days after May 4, 1999, that is, on August 3, 1999.  Consequently, Petitioner's limitations period expired one year after August 3, 1999, that is, on August 3, 2000, making his § 2254 application time-barred, absent statutory or equitable tolling.

**B.   Statutory Tolling**

The habeas statute provides that, for the purposes of § 2254 habeas applications, the period of limitations is tolled during the time while petitioner's application for post-conviction relief is pending.  See Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003), Miller v. N.J. State Dep't of Corr., 145 F.3d 616, 617-18 (3d Cir. 1998).  This tolling, however, applies--and the statute of limitations under § 2244(d) is statutorily tolled--if, and only if the petitioner files his first state petition for post conviction relief before the limitations period expires.  See Long, 393 F.3d at 394-95 (state post conviction review petition had no effect on

4

tolling because the limitations period had already run when it was filed); Schlueter v. Varner, 384 F.3d 69, 78-79 (3d Cir. 2004) (same).

Hence, since Petitioner's application for post-conviction relief was not filed *prior* to or on August 3, 2000 (it appears that his application was filed more than *two years later*, that is, on November 28, 2002, the earliest, see note 1 supra explaining the presumed date), Petitioner does not qualify for statutory tolling. See id.

C. **Equitable Tolling**

The AEDPA statute of limitations is also subject to equitable tolling, see Miller v. N.J. State Dep't of Corr., 145 F.3d 616, 618 (3d Cir. 1998), but "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 125 S.Ct. 1807, 1814 (2005). The Third Circuit instructs that equitable tolling could be appropriate only when "the principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition and the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims." LaCava v. Kyler, 398 F.3d 271, 275-276 (3d Cir. 2005)

5

(emphasis in original).  Mere excusable neglect is not sufficient. See id.; see also Merritt v. Blaine, 326 F.3d 157, 168 (3d Cir. 2003); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999). Extraordinary circumstances have been found where (1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum, see Jones, 195 F.3d at 159, or (4) the court itself has misled a party regarding the steps that the party needs to take to preserve a claim.  See Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005).  Moreover, even where extraordinary circumstances exist, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing."  Brown v. Shannon, 322 F.3d 768, 773 (3d Cir. 2003) (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)).

Petitioner's Petition is, however, silent as to any circumstances that may qualify as grounds for equitable tolling. Therefore, the Court will give Petitioner an opportunity to show that the limitations period should be equitably tolled.

**CONCLUSION**

This Court will allow Petitioner to supplement his Petition by providing the Court with information showing that the limitations period should be equitably tolled.


                                **s/ Jerome B. Simandle**
                                      **JEROME B. SIMANDLE**
                                **United States District Judge**

Dated: **March 27, 2006**