```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

_____
                                    :
EUGENE C. LUCENTE,                  :
                                    :   Civil Action No. 05-5186 (JBS)
            Petitioner,             :
                                    :
       v.                           :   **MEMORANDUM OPINION**
                                    :
STATE OF NEW JERSEY,                :
                                    :
            Respondent.             :
_____:


**SIMANDLE, District Judge**:

    Petitioner EUGENE C. LUCENTE (hereinafter "Petitioner"), currently confined at the Mid-State Correctional Facility, Wrightstown, New Jersey (hereinafter "Facility"), filed a motion for reconsideration seeking to vacate this Court's Order of June 1, 2006, Docket No. 12 (hereinafter "June Order").

    The Court will deny this motion for the following reasons:

1. On October 28, 2005, Petitioner filed his "Notice to File Petition for Writ of Habeas Corpus," together with Petitioner's "Motion for Extension of Time in Filing Brief"; these submissions were accompanied neither by the due filing fee nor by an application to proceed <u>in forma pauperis</u>, or by any document that this Court could construe as a petition for a writ of habeas corpus;

2.  On December 6, 2005, having no actual petition filed to exercise its jurisdiction over, this Court issued an order (hereinafter "December Order") directing Petitioner to submit, within thirty days of the date of the December Order, Petitioner's petition and either the filing or the application to proceed in forma pauperis;

3.  In response, Petitioner forwarded to this Court a letter inquiring about the status of Petitioner's case (received by this Court on December 12, 2005), filing fee (received on December 27, 2005), and Petitioner's trust fund account statement (received on January 10, 2006).  However, two months after this Court's December Order, Petitioner still failed to submit his Petition;

4.  On February 3, 2006, still having no actual petition filed to exercise its jurisdiction over, this Court issued an order (hereinafter "February Order") directing Petitioner to submit, within forty-five days of the date of the February Order, Petitioner's petition.  The February Order clarified that, if Petitioner failed to submit such petition, Petitioner's submission would be dismissed without prejudice for lack of jurisdiction;

5. Responding to this Court's February Order, on February 27, 2006, Petitioner submitted another "Motion for Extension of Time to File Brief." This submission did not include any document which this Court could construe as Petitioner's petition;

6. On March 6, 2006, still having no actual petition filed to exercise its jurisdiction over, this Court issued an order (hereinafter "March Order") directing Petitioner to submit, within thirty days of the date of the March Order, Petitioner's petition. The March Order clarified that, if Petitioner fails to submit such petition, Petitioner's submission would be dismissed without prejudice for lack of jurisdiction;

7. On March 20, 2006, Petitioner submitted his § 2254 Petition (hereinafter "Petition"). The Petition stated the dates of Petitioner's direct appeals and applications for post-conviction relief, and these dates indicated that Petitioner's Petition was time barred, even if this Court were to take October 28, 2005, as the date of Petitioner's filing of his Petition;

8. On March 27, 2006, this Court issued an order (hereinafter "OTSC") directing Petitioner to show cause, within forty-five

       days of the date of the OTSC, as to why Petitioner's Petition should not be dismissed as time barred.

9. On June 1, 2006, having received no response to its OTSC and relying on the information provided by Petitioner in Petitioner's Petition, this Court issued its June Order dismissing Petitioner's Petition with prejudice as time barred and denying Petitioner a certificate of appealability.

10. On June 20, this Court received Petitioner's instant motion (hereinafter "Motion") consisting of (a) "Notice of Motion for Reconsideration"; (b) Petitioner's "Letter Brief" in support of his "[Notice of] Motion for Reconsideration" (hereinafter "Letter Brief"); (c) a proposed order vacating this Court's June Order; (d) "Affidavit of Service" of Petitioner's Motion on the Attorney General of the State of New Jersey; (e) a copy of this Court's June Order; (f) a copy of this Court's envelope containing the Court's June Order; and (g) a copy of a "Business Remit" issued by Petitioner's Facility containing unreadable inscriptions.  While Petitioner asserted in his Letter Brief that Petitioner mailed Petitioner's response to the OTSC on April 5, 2006, and, therefore, "[t]he fact that the [C]ourt did not receive this document was at no fault of . . . [P]etitioner," see Letter Brief at 4, Petitioner's Motion did not contain a copy of such response.

4

11. Motions for reconsideration are not expressly recognized in the Federal Rules of Civil Procedure.  See United States v. Compaction Sys. Corp., 88 F. Supp.2d 339, 345 (D.N.J. 1999).  Generally, a motion for reconsideration is treated as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e), or as a motion for relief from judgment or order under Fed. R. Civ. P. 60(b).  See id.  In the District of New Jersey, Local Civil Rule 7.1(g) governs motions for reconsideration.  See Bowers v. Nat'l. Collegiate Athletics Ass'n., 130 F. Supp.2d 610, 612 (D.N.J. 2001).  Local Civil Rule 7.1(g) permits a party to seek reconsideration by the Court of matters "which [it] believes the Court has overlooked."  L. Civ. R. 7.1(g); see NL Industries, Inc. v. Commercial Union Insurance, 935 F. Supp. 513, 515 (D.N.J. 1996).  The standard for re-argument is high and reconsideration is to be granted only sparingly.  See United States v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994).  The movant has the burden of demonstrating either: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)(*citing* N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).  The Court will grant a

5

motion for reconsideration only where its prior decision has overlooked a factual or legal issue that may alter the disposition of the matter. Compaction Sys. Corp., 88 F. Supp.2d at 345; see also L.Civ.R. 7.1(g).  "The word 'overlooked' is the operative term in the Rule." Bowers, 130 F. Supp.2d at 612 (citation omitted); see also Compaction Sys. Corp., 88 F. Supp.2d at 345.  Ordinarily, a motion for reconsideration may address only those matters of fact or issues of law which were presented to, but not considered by, the court in the course of making the decision at issue. See SPIRG v. Monsanto Co., 727 F. Supp. 876, 878 (D.N.J.), aff'd, 891 F.2d 283 (3d Cir. 1989).  Thus, reconsideration is not to be used as a means of expanding the record to include matters not originally before the court. See Bowers, 130 F. Supp. 2d at 613; Resorts Int'l. v. Greate Bay Hotel and Casino, Inc., 830 F. Supp. 826, 831 & n.3 (D.N.J. 1992); Egloff v. New Jersey Air National Guard, 684 F. Supp. 1275, 1279 (D.N.J. 1988).  Absent unusual circumstances, a court should reject new evidence which was not presented when the court made the contested decision. See Resorts Int'l, 830 F. Supp. at 831 n.3.  A party seeking to introduce new evidence on reconsideration bears the burden of first demonstrating that evidence was unavailable or unknown at the time of the original hearing. See Levinson v. Regal Ware, Inc., Civ. No.

89-1298, 1989 WL 205724 at *3 (D.N.J. Dec. 1, 1989). Moreover, L. Civ. R. 7.1(g) does not allow parties to restate arguments which the court has already considered. See G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990). Thus, a difference of opinion with the court's decision should be dealt with through the normal appellate process. See Bowers, 130 F. Supp.2d at 612 (citations omitted); Florham Park Chevron, Inc. v. Chevron U.S.A., Inc., 680 F. Supp. 159, 162 (D.N.J. 1988); see also Chicosky v. Presbyterian Medical Ctr., 979 F. Supp. 316, 318 (D.N.J. 1997); NL Industries, Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996) ("Reconsideration motions ... may not be used to re-litigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment."). In other words, "[a] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple." Tishcio v. Bontex, Inc., 16 F. Supp.2d 511, 533 (D.N.J. 1998)(citation omitted).

12. Having reviewed Petitioner's Motion, this Court has established that (a) Petitioner's Motion failed to meet the above-stated standard since the Motion did not provide the Court with any grounds prompting the Court to find differently as to why Petitioner's Petition should not have been dismissed as time barred; (b) Petitioner's mode of "trickling" his

submissions suggests that Petitioner is engaged in dilatory tactics unduly abusing this Court's judicial resources; and (c) denial of Petitioner's Motion is unlikely to disadvantage Petitioner in view of Petitioner's Petition appearing to be time barred.

The accompanying Order will be entered.

                               **s/ Jerome B. Simandle**
                                  **JEROME B. SIMANDLE**
                            **United States District Judge**

Dated:   **August 3, 2006**